UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.:  5:19-cv-109-TBR

*ELECTRONICALLY FILED*

**VULENZO L. BLOUNT, JR.**                                                                                     **PLAINTIFF**

**V.**

**STANLEY ENGINEERING FASTENING,**
**A STANLEY BLACK & DECKER CO.**                                                             **DEFENDANT**

---

### NOTICE OF REMOVAL

---

The Defendant, incorrectly named herein as Stanley Engineering Fastening, a Stanley Black & Decker Co. ("SEF" or "Defendant"), by counsel, hereby gives notice that it is removing this action from the Christian Circuit Court in Christian County, Kentucky to this Court, the U.S. District Court for the Western District of Kentucky. In support of its Notice of Removal, the Defendant states as follows:

1. On or about June 24, 2019, the Plaintiff, Vulenzo L. Blount, Jr. ("Blount" or "Plaintiff"), filed a Complaint against the Defendant in Christian Circuit Court, Christian County, Kentucky, captioned <u>Vulenzo L. Blount, Jr. v. Stanley Engineering Fastening, a Stanley Black & Decker Co.</u>, Civil Action No. 19-CI-00595. The Defendant was served with its Summons on July 2, 2019. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and the Complaint, as well as the remainder of the state court record, are attached hereto as Exhibit 1. The documents found at Exhibit 1 are the only process, pleadings, and orders that have been served upon the Defendant in this action.

2. This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## CITIZENSHIP OF THE PARTIES

3. Upon information and belief, and as stated in the Complaint, Plaintiff is a resident of Kentucky. (Compl. ¶ 1).

4. The Stanley Engineered Fastening ("SEF") facility located in Hopkinsville, Kentucky referenced in Plaintiff's Complaint is owned and operated by Emhart Teknologies LLC ("Emhart"). [Declaration, Exhibit 2.]

5. For purposes of diversity jurisdiction, a limited liability company is a citizen of each state where its members are citizens. *E.g., Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 379 (6th Cir. 2011). Emhart's sole member is Black & Decker Inc. [Declaration, Exhibit 2.]

6. In turn, a corporation is a citizen of the state where it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Black & Decker Inc. is a corporation incorporated, organized, and existing under the laws of the state of Delaware, both now and at the time the action was filed. [Declaration, Exhibit 2.] Black & Decker Inc.'s principal place of business is located in New Britain, Connecticut. *See, e.g., The Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010); [Declaration, Exhibit 2.] Black & Decker Inc. is therefore a citizen of the state of Connecticut and the state of Delaware. Accordingly, Emhart is a citizen of Connecticut and Delaware.

7. Accordingly, there is complete diversity of citizenship between the parties. This

action is between a citizen of Kentucky, on the one hand, and a citizen of different states, on the other, over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and it is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

## AMOUNT IN CONTROVERSY

8.     The amount in controversy is to be determined based on the Plaintiff's Complaint at the time the Notice of Removal is filed. *See* 28 U.S.C. § 1446(c)(2).

9.     Although the Plaintiff has not specifically alleged damages in excess of $75,000, it is reasonable to conclude, based on the remedies sought in the Complaint, that the Plaintiff's requested monetary damages are in excess of the jurisdictional amount.  When a plaintiff fails to specifically plead an amount in controversy, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2)(A)(ii), (B); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007) (holding district court properly determined it had diversity jurisdiction because "it was more likely than not" the plaintiff's claim would exceed $75,000).

10.     Plaintiff alleges he was terminated and subjected to retaliation based on his race, in violation of the Kentucky Civil Rights Act ("KCRA"). (Compl. ¶¶ 3-6). Plaintiff seeks compensatory damages, including "loss of wages, pain and suffering, and emotional damages," as well as attorney fees and costs of the law suit pursuant to KRS 344.450. (Compl. ¶ 14 and prayer for relief; see also Compl. ¶ 6).

11.     The KCRA permits recovery of economic compensatory damages, such as back pay or front pay, as well as non-economic compensatory damages, such as emotional distress,

mental anguish, humiliation, or embarrassment. *Childers Oil Co. v. Adkins*, 256 S.W.3d 19, 28 (Ky. 2008) ("[D]amages for humiliation and emotional distress are recoverable as 'actual damages' under KRS 344.450."). The KCRA places no cap on the amount of compensatory damages that Plaintiff may recover. *See* KRS 344.450 (permitting recovery of unlimited "actual damages").

12. Here, Plaintiff's claims for compensatory damages could easily exceed the $75,000 jurisdictional threshold. First, Plaintiff's claim for loss of wages alone could satisfy the amount in controversy requirement. Specifically, Plaintiff earned $20.87/hour and his employment was terminated on or about August 30, 2018, nearly 10 months before his Complaint was filed. Assuming conservatively that this case proceeds to trial within 18 months of the filing of the Complaint, the amount in controversy with respect to his claim for lost wages alone would exceed $90,000 if he were to prevail at trial. *See, e.g., Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 480 (6th Cir. 2014) (removal was proper where damages, including back pay through projected trial date, would likely exceed $75,000); *Hume v. Quickway Transp., Inc.*, No. 3:16-cv-00078-JHM, 2016 U.S. Dist. LEXIS 77831, at *10 (W.D. Ky. June 15, 2016).

13. Also, an award for Plaintiff's alleged "pain and suffering" and "emotional damages" is counted in addition to his alleged lost wages. *Shupe*, 566 F. App'x at 480. If he were to be successful at trial, those claims alone could easily exceed this Court's jurisdictional minimum. *E.g., Banker v. Univ. of Louisville Ath. Ass'n, Inc.*, 466 S.W.3d 456, 464 (Ky. 2015) (upholding jury award of $300,000 for emotional distress damages alone, in KCRA retaliatory discharge claim); *see Ky. Lottery Corp. v. Riles*, Nos. 2004-CA-001053-MR, 2005-CA-000335-MR, 2007 Ky. App. Unpub. LEXIS 23, at *1 (Ky. Ct. App. June 8, 2007) (upholding jury award of in

excess of a million dollars to each of two plaintiffs in race discrimination case, which included emotional distress damages).

14. In addition, Plaintiff is seeking attorney's fees that will further increase the amount in controversy above the $75,000 minimum. The KCRA authorizes an award of attorney's fees to the prevailing party. *See* KRS 344.450. When a statute authorizes an award of attorney's fees, those fees are included in the amount-in-controversy determination. *Williamson*, 481 F.3d 376-77 (holding request for damages and statutory attorney's fees in an unspecified amount was enough "to properly [place] this case within the purview of federal jurisdiction"); *see also Blocker v. PPG Indus.*, No. 3:17-cv-29-DJH, 2017 U.S. Dist. LEXIS 126040, at *6 (W.D. Ky. Aug. 9, 2017). Assuming conservatively that (1) Plaintiff's counsel will seek to recover an attorney's fee of $200 per hour; and (2) she will expend 200 hours over an estimated 18 months in taking this case through trial, Plaintiff will seek to recover $40,000 or more in attorney's fees. *See, e.g., Johnson v. Pioneer Credit Co.*, No. 1:06-CV-164, 2008 U.S. Dist. LEXIS 56440, at *2 (W.D. Ky. July 24, 2008) (awarding plaintiff in KCRA case attorney's fees based on hourly rate of $250.00). Thus, if he were to be successful at trial, it is more likely than not Plaintiff's claim for attorney's fees exceeds $40,000.

15. Based on the foregoing, Defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Accordingly, this Court has jurisdiction over Plaintiff's claims in this case, and this action is properly removed to this Court. 28 U.S.C. § 1441(a).

**REMOVAL**

16. Because there is complete diversity of citizenship between the parties and because the Complaint reflects an amount in controversy in excess of $75,000, the United States District Court for the Western District of Kentucky has original jurisdiction over this matter.

17. Pursuant to 28 U.S.C. § 1441, *et seq.*, the right exists to remove this case to the United States District Court for the Western District of Kentucky, which embraces the place where the action is currently pending.

18. Venue is vested in this Court pursuant to 28 U.S.C. § 1391 since this is a civil action where jurisdiction is founded on diversity of citizenship and the events complained of are alleged to have occurred in the Western District of Kentucky.  Pursuant to Local Rule 3.1(b), venue of this action is proper in the Paducah Division because the state court action was commenced in Christian County, which is within the jury division for Paducah.  Local Rule 3.1(b)(4); Local Rule 3.2(b).

19. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of the service of the Summons and Complaint in this matter.

20. As required by 28 U.S.C. § 1446(d), the Defendant shall promptly file a copy of this Notice of Removal with the Christian Circuit Court, and serve copies of this Notice of Removal on the Plaintiff's counsel.

WHEREFORE, the Defendant gives notice that the entire above-styled action now pending before the Christian Circuit Court, Civil Action No. 19-CI-00595, shall be removed therefrom to this Court, the U.S. District Court for the Western District of Kentucky, at Paducah.

Respectfully submitted,

/s/ Allison C. Cooke
Richard G. Griffith
Allison C. Cooke
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY  40507-1801
Ph: (859) 231-3000
Fax: (859) 253-1093
E-mail:  richard.griffith@skofirm.com
allison.cooke@skofirm.com
COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal was served by electronic mail and United States mail, postage prepaid, on this 1st day of August, 2019 upon:

Nancy Oliver Roberts, P.S.C.
1023 Kentucky Street
Bowling Green, KY  42101
nancyoliverroberts@mw.twcbc.com


/s/ Allison C. Cooke
COUNSEL FOR DEFENDANT

101181.164255/7997544.1