UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:19-CV-00109-JRW-LLK

VULENZO L. BLOUNT, JR.                                                    PLAINTIFF

v.

STANLEY ENGINEERING FASTENING,
A STANLEY BLACK & DECKER CO.                                     DEFENDANT

## OPINION & ORDER

Judge Justin R. Walker referred this matter to U.S. Magistrate Judge Lanny King for hearing and determining all pretrial matters pending before the Court in this action. [DN 11].

This matter is currently before the Court on two motions: (1) Defendant Stanley Engineering Fastening, A Stanley Black & Decker Co.'s ("Stanley Engineering") Motion to Strike Plaintiff's Errata Sheet, [DN 32], to which Plaintiff Vulenzo L. Blount, Jr., responded, [DN 35], and Stanley Engineering replied, [DN 39]; and (2) Defendant Stanley Engineering's Motion to Compel, [DN 31], to which Plaintiff responded, [DN 36], and Stanley Engineering replied, [DN 38]. Both motions are now ripe for adjudication.

For the reasons set forth herein, both Stanley Engineering's Motion to Strike, [DN 32], and its Motion to Compel, [DN 31], are GRANTED.

## BACKGROUND

This matter arises from Plaintiff Vulenzo L. Blount, Jr.'s, termination from Defendant Stanley Engineering on August 29, 2018. [DN 1-1 at 11]. Plaintiff claims that he was wrongfully terminated due to racial discrimination and retaliation. *Id.* Stanley Engineering, however, claims that Plaintiff was terminated for using his cellphone while sitting on a running forklift. [DN 31-1 at 113-114]. Specifically, Stanley Engineering claims that Plaintiff often used his cell phone at

work in connection with his second job as a real estate agent.  *Id.* at 114.  In January 2018, Plaintiff "was observed manipulating his smart watch while driving a forklift."  *Id.* at 114.  As a result of that incident, Plaintiff signed a Last Chance Agreement, in which he agreed that his continued employment was subject to complying with his employer's safety policies.  *Id.* at 114.  Stanley Engineering claims that, despite this agreement, Plaintiff was seen in August 2018 using his cell phone while sitting on a running forklift.  *Id.* at 114.  Plaintiff was then terminated for violating the Last Chance Agreement.

At this time in the discovery process, the Parties have exchanged written discovery and Plaintiff has been deposed.  Discovery disputes arose from both Plaintiff's discovery responses and his deposition.  Those issues were discussed at length with the Parties during a May 26, 2020, telephonic status conference.  The Court then granted Stanley Engineering leave to file several motions, including the instant Motion to Strike and Motion to Compel, and set a briefing schedule for each.  [DN 29].  These motions are now fully briefed and shall be addressed in turn below.

## MOTION TO STRIKE PLAINTIFF'S ERRATA SHEET

Stanley Engineering has moved this Court to strike Plaintiff's errata sheet, and thereby prevent Plaintiff from amending his deposition transcript.  [DN 32].  Because the errata sheet contains only substantive changes and not typographical or transcription corrections, they are improper and the Motion to Strike must be granted in its entirety.

Plaintiff Vulenzo Blount was deposed on January 16, 2020.  [DN 32-4].  Shortly thereafter, Plaintiff submitted an errata sheet that seeks to alter portions of his deposition transcript.  That errata sheet seeks to make thirty-six changes to Plaintiff's deposition testimony.  [DN 32-2].

In response, Stanley Engineering moved to strike the errata sheet in its entirety because: (1) Plaintiff did not request to review the transcript before the deposition was complete; (2) the

proposed changes are substantive and not permitted; and (3) Plaintiff failed to provide reasons for eight of the proposed changes.  [DN 32].

Fed. R. Civ. P. 30(e)(1) provides that "[o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them."

First, Stanley Engineering argues that the errata sheet should be stricken because Plaintiff did not request to review the transcript before the deposition was completed.  In support of this, Stanley Engineering points to the court reporter's certification at the end of the transcript that states in part, "…that no request was made by counsel for any party the deposition be submitted to the witness for reading and signature…"  [DN 32-4 at 321 and 357].

Plaintiff, however, contends that he did request, through his counsel, to review the transcript.  Specifically, Plaintiff states: "…prior to the very end of the deposition Plaintiff's counsel quietly told the Court reporter, Suzanne Mynier, that we needed an errata sheet before she put away her machine.  The undersigned was quiet to not further upset [Stanley's Engineering's counsel] as he was packing his belongings at the time."  [DN 35 at 392].  Plaintiff goes on to state that the court reporter failed to put the request in the record and inadvertently placed her default certification in the transcript, which states that the no request to review was made.  *Id.* at 394.

In support of this version of events, Plaintiff submitted an affidavit from that court reporter.  Of relevance, it states that Plaintiff's counsel did request to have Plaintiff review the deposition transcript "[a]t the conclusion of the day-long deposition."  [DN 35-1 at 406].  From this affidavit, however, it is unclear whether the request was made before or at some point shortly after the

3

deposition concluded.  This is relevant because Fed. R. Civ. P. 30(e)(1) requires requests to review and sign the deposition transcript be made before the deposition is completed.  *See James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Management, LLC*, 2014 WL 1744848 at *3 (E.D. Ky. Apr. 30, 2014).

While this Court questions the propriety of Plaintiff's counsel's surreptitious request to review the deposition transcript, it does not need to reach a factual finding as to whether Plaintiff complied with the procedural requirements of Fed. R. Civ. P. 30(e)(1), as the errata sheet must be stricken in its entirety on other grounds.

As set out above, Fed. R. Civ. P. 30(e)(1) permits changes "in form or substance;" however, the Rule fails to define what exactly is a change in form or substance.  The Sixth Circuit has provided some clarity on this issue, suggesting that Rule 30(e)(1) does not permit changes to what was said under oath.  *Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560 at 566 (6th Cir. 2009).  Otherwise, "one could merely answer the questions with no thought at all, then return home and plan artful responses….A deposition is not a take home examination.  *Id.* at 566 (quoting *Tuttle v. Tyco Elecs. Installation Servs.*, 2008 WL 343178 at *4 (S.D. Ohio Feb. 7, 2008)).

A majority of courts in the Sixth Circuit have interpreted *Trout* to provide that errata sheets can only be used to correct typographic and transcription errors, not to make substantive changes to deposition testimony.  *See e.g. Simpson v. Xerox Educations Services, LLC*, 3:17-cv-76-JRW-CHL 2020 WL 1033541 (W.D. Ky. Mar. 3, 2020); *Caudill See & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS, 2019 WL 1435934 (W.D. Ky. Mar. 29, 2019); *Ramirez v. Bolster & Jeffries Health Care Group, LLC*, No. 1:12-cv-205-GNS-HBB, 2016 WL 4132294; *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, No. 5:11-374-DCR, 2014 WL 1744848 (E.D. Ky. Apr. 30, 2014).

Plaintiff has cited no case law to suggest that substantive changes can be made to deposition testimony through an errata sheet.  Instead, Plaintiff attempts to engage in semantic gamesmanship to overcome this Sixth Circuit precedent.  He cites to the Webster Unabridged Dictionary's definition of "form" to demonstrate that it means "to make, shape, mold or fashion; to make, as in some particular way; to arrange, as to form an image of clay; to form troops into line."  [DN 35 at 395].  Plaintiff then argues that he signed the errata sheet to show the correct "form" of his answer.  *Id.*  Plaintiff ignores, however, that these changes to the "form" of his answers also changed the substance of what he said under oath.  That is impermissible under Sixth Circuit precedent and this line of argument is not persuasive.

Upon a review of Plaintiff's proposed changes to his deposition testimony, this Court finds that all thirty-six of them are substantive in nature.  The changes are not being made to correct the deposition transcript for typographic or transcription errors; instead, they seek to change what Plaintiff actually said under oath.  Some seek to change "yes" to "no," or vice versa, others attempt to qualify answers, and others still attempt to completely replace the original answers given.  [DN 32-2].  Not one change, however, was made to correct typographic or transcription errors.  Accordingly, all thirty-six purported changes must be stricken.

Finally, even if substantive changes were permissible, which they are not within the Sixth Circuit, this Court would still have to strike eight of Plaintiff's purported changes because Plaintiff failed to provide any reason for them.  Rule 30(e)(1) requires the errata sheet to list the changes being made and the reasons therefor.  This was not done for eight of the thirty-six proposed changes and, accordingly, those eight must be stricken.

For the foregoing reasons, Stanley Engineering's Motion to Strike Plaintiff's Errata Sheet, [DN 32], is GRANTED and the errata sheet is stricken in its entirety.

## MOTION TO COMPEL

Throughout the discovery process, Plaintiff has repeatedly objected to written discovery requests and deposition questions related to Plaintiff's cell phones, other similar devices, and his email accounts.  Those objections have been asserted on a variety of bases, including discoverability, relatedness, confidentiality, work product, and attorney client privilege.  Stanley Engineering has moved this Court to compel Plaintiff to respond to those discovery requests and deposition questions.  As that information and related documents fall squarely within the scope of discovery and are not privileged, Stanley Engineering's Motion to Compel, [DN 31], shall be granted.  Further, this Court grants Stanley Engineering's request for sanctions and shall specifically sanction Plaintiff's counsel for improper objections and instructions not to answer throughout Plaintiff's deposition.

## I.      BACKGROUND

On October 23, 2019, Stanley Engineering served its First Set of Interrogatories and Requests for Production.  [DN 31-7].  There, its Interrogatory No. 22 asked for information related to any cell phone, or similar device, that Plaintiff owned from January 1, 2014, to present, and its Interrogatory No. 21 sought cell phone logs from January 1, 2015, to present.  *Id*.  Plaintiff responded to Stanley Engineering's Interrogatories on December 4, 2019, [DN 31-8], and to Stanley Engineering's Requests for Production on January 2, 2020, [DN 31-10].  The full requests and responses are as follows:

> **INTERROGATORY NO. 22:**  For the period between January 1, 2014 and the present, did you have a tablet, mobile phone, cell phone, or other portable electronic device capable of placing/receiving phone calls and/or sending/receiving e-mails, text messages, data, or documents?  If so, identify (a) the make and model of the device(s); (b) any and all carrier(s) or provider(s) for each such device; and (c) in whose possession each such device currently resides.[1]

[1] DN 31-7 at 204.

**RESPONSE:**  The Plaintiff objects to Interrogatory 22, because it is an invasion of privacy, not relevant to this case, and not likely to lead to discoverable information or admissible evidence.[2]

**REQUEST FOR PRODUCTION NO. 21:**  Any and all cell phone logs from January 1, 2015, to the present.  As used in this Request, "cell phone logs" means billing statements or other documentation from Plaintiff's cell phone provider or carrier identifying the date, time, and duration of calls and the date, time and data size of text messages.[3]

**RESPONSE:**  The Plaintiff does not have any cell phone logs from January 1, 2016 to present with any of the Defendant's employees that he is aware of at this time. The Plaintiff objects to this request as an invasion of his privacy and all other persons, trial preparation, and attorney client privilege as the Plaintiff and the undersigned have examined his phone.[4]

After receiving these responses, Stanley Engineering sent several letters requesting Plaintiff supplement his responses to provide the requested information and documents.[5]  Plaintiff, however, refused.[6]

Plaintiff was then deposed by Stanley Engineering's counsel on January 16, 2020.  [DN 31-4].  There, Stanley Engineering sought to ask questions regarding Plaintiff's cell phones, other similar devices, and his email addresses.  Plaintiff's counsel objected to these lines of questioning and repeatedly instructed Plaintiff not to answer.

Specifically, Plaintiff's counsel objected to and instructed her client not to answer questions about: his cell phone number;[7] the brand and model of cell phone he owns or has owned;[8] when he began using his current phone;[9] his cell phone service provider;[10] his Samsung smart

---

[2] DN 31-7 at 235.

[3] DN 31-7 at 207.

[4] DN 31-10 at 251.

[5] Stanley Engineering's counsel sent letters to Plaintiff's counsel requesting supplementation on December 20, 2019, [DN 31-9], March 5, 2020, [DN 31-12 at 256-261], and May 11, 2020, [DN 31-12 at 262-268].

[6] Plaintiff's counsel refused to supplement Plaintiff's Response to Request No. 22 in a December 31, 2019, letter, [DN 31-11], and did not respond in writing to Defendant's counsel's March 5, 2020, and May 11, 2020, letters.

[7] DN 31-4 at 139-140.

[8] *Id.* at 141-148.

[9] *Id.* at 31-4 at 148.

[10] *Id.* at 148-149, 195.  In the latter instance, it was Plaintiff himself that refused to answer; however, this was after Plaintiff's counsel had initially instructed Plaintiff not to answer a prior question about his service providers.

watch service provider;[11] whether the cell phone Plaintiff currently owns is also the one he owned from 2018 through present;[12] whether he reviewed his smart watch or cell phones for responsive information or documents to Stanley Engineering's requests;[13] the brand of Plaintiff's laptops;[14] and his email addresses.[15]   Plaintiff's counsel asserted a variety of bases for these objections, including relevance, discoverability, confidentiality, attorney-client privilege, and work product or trial preparation.  *Id.*

Stanley Engineering, through its Motion to Compel, now asks the Court: (1) to compel Plaintiff to respond to its Interrogatory No. 22 and Request for Production No. 21; (2) to strike Plaintiff's counsel's objections and instructions not to answer regarding questions at Plaintiff's deposition and require Plaintiff to submit to a continued deposition, unlimited in scope and topic; and (3) to issue sanctions.  [DN 31].  Plaintiff filed his Response, [DN 36], objecting to this Motion, and Stanley Engineering replied, [DN 38].  Stanley Engineering's Motion to Compel is ripe for adjudication.

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  In evaluating this, the Court considers several factors: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

---

[11] *Id.* at 152.
[12] *Id.* at 153-154.
[13] *Id.* at 160-167.
[14] *Id.* at 168-169.
[15] *Id.* at 170-180.

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

A party may move to compel production if a party fails to respond to a request for production, fails to permit inspection or production of the requested documents, or fails to answer deposition questions. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response, must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Ultimately, the trial court has broad discretion in fashioning and limiting discovery. *Waters v. City of Morristown*, 242 F.3d 353, 363 (6th Cir. 2001) ("The discovery rules vest broad discretion in the trial court."); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) ("The scope of discovery is, of course, within the broad discretion of the trial court.").

## III.   DISCUSSION

In written discovery and deposition questions, Plaintiff objected to questions related to Plaintiff's cell phones, other similar devices, and his email address. As these issues fall squarely within the scope of discovery and are not privileged, Stanley Engineering's Motion to Compel must be granted.

Before addressing the individual discovery requests and deposition questions at issue, the Court must first discuss an overarching objection Plaintiff has made based on relevance. Plaintiff claims that information about his cell phone, similar devices, and his email addresses are irrelevant because Plaintiff was not on his smart watch or cell phone while on a running forklift, the event that Stanley Engineering claims caused his termination. Instead, Plaintiff claims he was terminated due to racial discrimination. This, however, is disputed by Stanley Engineering. Stanley Engineering claims that Plaintiff repeatedly used his cell phone at work. He was eventually issued a Last Chance Agreement after Plaintiff was seen using his smart watch while driving a forklift.

Stanley Engineering claims that Plaintiff was then terminated when he violated that Last Chance Agreement by using his cell phone on a running forklift.  While the information requested about Plaintiff's cell phones, other related devices, and his email addresses may not be relevant to Plaintiff's claims, it is directly relevant to Stanley Engineering's defenses.  Plaintiff's objections based on relevance must, therefore, be overruled.

**A. Written Discovery**

Stanley Engineering's Interrogatory No. 22 asked Plaintiff to provide certain information regarding any tablet, mobile phone, cell phone, or other portable electronic device capable of placing/receiving phone calls and/or sending/receiving e-mails, text messages, data, or documents he has owned with the period of January 1, 2014, through present.  [DN 31-7 at 204].  Plaintiff objected "because it is an invasion of privacy, not relevant to this case, and not likely to lead to discoverable information or admissible evidence."  [DN 31-7 at 235].

Plaintiff's objections are not well taken.  As set out above, Plaintiff's objection based on relevance is overruled.  Plaintiff's invasion of privacy objection must also be overruled.  Plaintiff placed this information at issue when he brought this suit.  He cannot now use purported privacy concerns to prevent Stanley Engineering from obtaining relevant discovery in its effort to defend against Plaintiff's claims.  Finally, as information and documents relevant to a party's defenses are within the scope of discovery, Plaintiff's objection claiming this information would not lead to discoverable information or admissible evidence must be overruled.  As all asserted objections to Stanley Engineering's Interrogatory No. 22 are overruled, Plaintiff shall be required to provide the requested information.

Stanley Engineering's Request for Production No. 21 asks for cell phone logs from January 1, 2015, through present.  Stanley Engineering defined such logs as "billing statements or other

documentation from Plaintiff's cell phone provider or carrier identifying the date, time, and duration of call and the date, time, and date size of text messages." [DN 31-7 at 207].

Plaintiff responded by stating he has no cell logs from January 1, 2016, to present with any of Stanley Engineering's employees. [DN 31-10 at 251]. Plaintiff then asserted several objections to this request based on "invasion of [Plaintiff's] privacy, and all other persons, trial preparation, and attorney client privilege as the Plaintiff and the undersigned have examined [Plaintiff's] telephone." *Id.* at 251.[16] This response, however, does not fully answer Stanley Engineering's request as it sought cell phone logs showing all calls and texts from January 1, 2015, through present, not calls between Plaintiff and Stanley Engineering's employees from January 1, 2016, through present.

Plaintiff's objections to this discovery request are also not well taken. Plaintiff's privacy objection must be overruled as he brought his cell phone usage into issue by filing this suit. Plaintiff also cannot succeed on his protection and privilege claims.[17] As set forth by Fed. R. Civ. P. 26(b)(3)(A), documents prepared in anticipation of litigation or trial can be protected. A cell phone, or its log, however, would not be a document prepared in anticipation of litigation or trial, regardless of whether a party's attorney has reviewed it. Reviewing a document is not the same as preparing it.

---

[16] Plaintiff's Response to the Motion to Compel also indicates that the documents requested by Stanley Engineering may no longer exist due to Plaintiff's cell phone provider's limited retention period. Considering this information, Stanley Engineering requested in its Reply for the Court to order Plaintiff to promptly provide the information sought in Interrogatory No. 22, permit Stanley Engineering to subpoena the cell phone provider for Plaintiff's cell phone records, and bar Plaintiff from objecting to that subpoena. No party has filed a motion regarding such a subpoena and this issue is not properly before the Court at this time. Accordingly, the Court declines to provide any of the subpoena-related relief requested in Stanley Engineering's Reply.

[17] To the extent Plaintiff objected to this Request on the basis of a protection or privilege, Plaintiff was required to provide Stanley Engineering with a privilege log. Fed. R. Civ. P. 26(b)(5)(A). Plaintiff failed to comply with this Rule.

Similarly, Plaintiff cannot rely on attorney-client privilege to protect the cell phone logs. Here, as it is a diversity case, the Court must apply Kentucky law to determine the applicability and scope of the attorney-client privilege. *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006). Kentucky's attorney-client privilege protects confidential communications "made for the purpose of facilitating the rendition of professional legal services to the client." KRE 503(b). The cell phone logs do not fall within this definition; therefore, the attorney-client privilege does not apply. Plaintiff's objections to Request for Production No. 21 must be overruled in their entirety.

In his Response, Plaintiff also appears to argue that the temporal scope of Request for Production No. 21 should be limited to two dates: (1) the date Plaintiff was accused of using his smart watch while operating a forklift, which resulted in the Last Chance Agreement; and (2) the date Plaintiff was accused of using a cell phone on a running fork lift, which resulted in his termination. [DN 36 at 462]. This, however, would be too narrow. Stanley Engineering asserts as part of its defense that Plaintiff frequently used his cell phone at work and received oral coaching regarding same. [DN 38 at 552]. Accordingly, any cell phone use throughout his employment would be relevant to Stanley Engineering's defense in this matter and, therefore, discoverable. In its Motion, Stanley Engineering voluntarily agreed to limit the scope of its request to records from January 1, 2015, to August 29, 2018, the date of Blount's termination. [DN 31-1 at 120]. The Court finds this narrowed scope to be appropriate.

For the foregoing reasons, Plaintiff's objections to Stanley Engineering's Interrogatory No. 22 and Request for Production No. 21 are overruled and Plaintiff shall be required to provide full responses to both discovery requests within fourteen days of the entry of this Order.[18]

---

[18] The Court briefly notes that Plaintiff's Response asks the Court to deny Stanley Engineering's Motion to Compel and then asks for additional time to provide the requested information. [DN 36 at 457]. The Response states that

### B. Deposition Testimony

Throughout Plaintiff's deposition,  Plaintiff's counsel objected to and instructed her client not to answer questions about: his cell phone number;[19] the brand and model of cell phone he owns or has owned;[20] when he began using his current phone;[21] his cell phone service provider;[22] his Samsung smart watch service provider;[23] whether the cell phone Plaintiff currently owns is also the one he owned from 2018 through present;[24] whether he reviewed his smart watch or cell phones for responsive information or documents to Stanley Engineering's requests;[25] the brand of Plaintiff's laptops;[26] and his email addresses.[27]  Plaintiff's counsel asserted a variety of bases for these objections, including relevance,[28] discoverability, confidentiality, attorney-client privilege, and work product or trial preparation.  *Id.*  Plaintiff's objections, however, are without merit and must be overruled.

Plaintiff's objections to these questions based on his real estate clients' confidential information are without merit.  Plaintiff argues that if the information sought was disclosed, he could lose his real estate job because he would be violating a duty of confidentiality owed to his

---

Plaintiff's counsel's secretary was absent in April and May 2020 due to COVID-19 and that Plaintiff's counsel suffers from arthritis, which prevents her from working long hours.  Plaintiff's counsel requests an extension as an accommodation due to COVID-19 and pursuant to the Americans with Disabilities Act.  Plaintiff, however, has never filed a motion requesting such an extension and the issue is not properly before this Court.  Even if the issue were properly before the Court, it is not likely to succeed.  Stanley Engineering initially served these discovery requests on October 23, 2019.  As of the writing of this Opinion & Order, Plaintiff has had more than enough time to provide the information requested, had he intended to do so.  The Court deems the fourteen-day period provided by this Court's Order to be sufficient time in which Plaintiff must respond to these two basic discovery requests.

[19] DN 31-4 at 139-140.

[20] *Id.* at 141-148.

[21] *Id.* at 31-4 at 148.

[22] *Id.* at 148-149, 195.  In the latter instance, it was Plaintiff himself who refused to answer; however, this was after Plaintiff's counsel had initially instructed Plaintiff not to answer a prior question about his service providers.

[23] *Id.* at 152.

[24] *Id.* at 153-154.

[25] *Id.* at 160-167.

[26] *Id.* at 168-169.

[27] *Id.* at 170-180.

[28] As noted above, all objections based on relevance are overruled as the requested information is directly relevant to Stanley Engineering's defenses.

real estate clients that is imposed by the standards of professional conduct for real estate licensees set forth by 201 Kentucky Administrative Regulations (KAR) 11:121.

First, the Court notes that none of the deposition questions above ask for information about Plaintiff's real estate clients.  By way of example, providing Plaintiff's cell phone number will not reveal any confidential information about Plaintiff's clients or any transactions in which they might be involved.  Similarly, Plaintiff's email address, by itself, will not reveal any such information. Plaintiff's argument to the contrary especially lacks merit when considering that Plaintiff testified at his deposition that his email address is not only printed on his business card, but is also available on his employer's website.  [DN 31-4 at 175-176].  As such, Plaintiff's argument that the disclosure of his email address could breach any duty of confidentiality or would result in his termination is without merit.

Second, even if the questions sought information that implicated any duty of confidentiality Plaintiff may have as a real estate agent, that duty does not excuse Plaintiff from complying with the rules and scope of discovery in a suit that he brought.  Given Stanley Engineering's position and defense that Plaintiff was validly terminated for breaching his Last Chance Agreement by using a cell phone on a running forklift, and given Stanley Engineering's written discovery requests that sought related information and documents, Plaintiff should reasonably have anticipated that he would be asked questions about his cell phone, other similar devices, and his email in deposition.  If Plaintiff believed this information should be confidential, Plaintiff could have moved for a protective order.  He has not done so.[29]  Plaintiff's objections on the basis of confidentiality are, therefore, overruled.

---

[29] While Plaintiff's Response requests time to file a motion for protective order, the Court notes that Plaintiff has not formally requested leave to file a protective order and has not moved for a protective order.  The issue is, therefore, not properly before the Court at this time.

The last remaining objections of note were asserted on questions asking whether Plaintiff reviewed his smart watch or cell phone to see whether there is information or data that is responsive to Stanley Engineering's discovery requests.  *Id*. at 160-164.  Plaintiff objected to those questions claiming they call "for attorney-client privilege information used in preparation for trial."  *Id.* at 162.

As set out above, Kentucky's attorney-client privilege controls in diversity cases and it protects confidential communications "made for the purpose of facilitating the rendition of professional legal services to the client."  KRE 503(b).  Here, the questions asked whether Plaintiff reviewed his cell phone and smart watch for responsive information or data.  Plaintiff was not asked whether his attorney asked him to review those devices, or whether he discussed with his attorney what documents may be responsive.  The questions simply asked whether Plaintiff reviewed those devices for responsive information or data.  Since the deposition questions did not inquire into any confidential communications Plaintiff had, the attorney-client privilege does not apply.  Plaintiff's objections to this line of questions are, again, without merit and must be overruled.

As all of Plaintiff's objections to Stanley Engineering's deposition questions regarding his cell phones, other related devices, and his email addresses are overruled, Plaintiff shall be required to sit for a continuation of his deposition.  *See* Fed. R. Civ. P. 30(d)(1).  The Court shall not limit the topics that may be addressed at that deposition; however, the continued deposition shall not exceed more than four hours in length. [30]

---

[30] Stanley Engineering has requested that the continued deposition be unlimited in topic and scope.  As Plaintiff has already been deposed for eleven hours, the Court finds that four hours would be a sufficient amount of time to address the topics to which Plaintiff previously objected.

### C. Sanctions

As part of its Motion to Compel, Stanley Engineering requested that the Court impose sanctions.  Because her objections were suggestive and argumentative and because she improperly instructed Plaintiff not to answer deposition questions, all of which impeded Stanley Engineering's fair examination of Plaintiff, the Court shall impose sanctions against Plaintiff's counsel, Nancy Oliver Roberts.

Rule 30(c)(2) sets forth the rules governing objections during a deposition.  It states, "An objection at the time of the examination -- whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition -- must be noted on the record, but the examination still proceeds; the examination is taken subject to any objection."  Fed. R. Civ. P. 30(c)(2).  These objections, "must be stated concisely in a nonargumentative and nonsuggestive manner."  *Id.*

Importantly, Rule 30(c)(2) also sets forth the very limited circumstances in which counsel can instruct a deponent not to answer a question.  That instruction may only be given "to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  *Id.*  Numerous courts have held that it is improper to instruct a deponent not to answer based on relevance.  *See, e.g. SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*, 250 F.Supp.3d 829, 267 (W.D. Ky. 2017) (*citing Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 160 F.R. D. 98, 99 (S.D. Ohio 1995), *vacated on other grounds*, 93 F.3d (Fed. Cir. 1996); *Banks v. Office of the Senate Sergeant-at-Arms*, 222 F.R.D. 1, 6 (D.D.C. 2004)). Instead, "[w]hen opposing counsel asks a deponent an irrelevant question, opposing counsel should enter an objection and allow the deponent to answer." *SCA Hygiene Prods.*, 250 F.Supp.3d at 267 (*citing Ethicon Endo-Surgery*, 160 F.R.D. at 99).

Rule 30(d)(2) then gives the Court authority to "impose an appropriate sanction -- including the reasonable expenses and attorneys' fees incurred by any party -- on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Despite the dictates of Rule 30(c)(2), Plaintiff's counsel's objections throughout Plaintiff's deposition were both suggestive and argumentative. By way of example, Plaintiff was asked for his cell phone number and the following exchange ensued:

Q:      And how many of such phones do you have and use?

A:      I have one cell phone.

Q:      Okay.  And what's the telephone number for that?

Ms. Roberts:   Objection.  That cell phone he presently has, he has mitigated his own damages by seeking other employment, which he has two other employments now.  And that cell phone contains privileged information, client information, with regard to his present business and his employers now.  And that's not something discoverable here, it's not relevant here, and we object to any reference cell phone number, any information divulged form that cell phone could cause -- that would further damage him in this case.  He filed the case against the defendant, the cell phone contains information about his present employers, clients' names, addresses, telephone numbers probably of all of that.  And that will damage him so much that by exposing that cell phone information would be as a result of the defendant making him probably lose his present employment or at least divulging confidential information from that employment.  And we resist any information about that including the cell phone number.

Mr. Griffith:   Are you objecting and instructing him not to answer the question of what his cell phone number is?

Ms. Roberts:   The cell phone number, the information on the cell phone, anything like that.

Mr. Griffith:   Okay.  But I'm --

Ms. Roberts:   I would take that issue to the judge, if necessary, because if you all are requesting that information, you're not only breaching his privacy but the privacy of all of his employment information and records to date.  And that will further – and you all will be intentionally damaging him, his ability to mitigate his

own damages.  Now you've asked that in interrogatory questions and that will --
that will, could result in his termination of employment there as well.[31]

Here, instead of just asserting the objection and allowing the deposition to proceed, or instructing
her client not to answer, Plaintiff's counsel asserted a lengthy objection that was both suggestive
and argumentative.  It was suggestive because it suggested a variety of responses to Plaintiff.  It
was argumentative because it accused Stanley Engineering of seeking to *intentionally* damage
Plaintiff.

At one point in the deposition, these objections went beyond being merely suggestive and
argumentative and rose to the level of accusation and personal attacks.  Plaintiff's counsel
disparaged the ethics of Stanley Engineering's counsel, implying that Stanley Engineering's
counsel might use Plaintiff's email address to illegally hack Plaintiff's email account:

> Mr. Griffith:  How would giving his e-mail address cause a breach of any privacy?
> I have a right to know this.
>
> Mrs. Roberts:  You can hire a hacker to go back into it.
>
> Mr. Griffith:  So you're saying to me, an officer of the court to an officer of the
> court that I could, because I could go commit a crime and hack into somebody's
> account, that's a basis of telling him not to answer the question?
>
> Mrs. Roberts:  Well, it exposes him to that, yes.[32]

While this could be excused as a momentary lapse in the heat of the moment during a contentious
deposition, Plaintiff's counsel reiterated this accusation in Plaintiff's Response to the instant
Motion, stating "Good hackers can back into private e-mails as has happened to the undersigned's
e-mail twice."  [DN 36 at 461].

As recently noted by the Sixth Circuit, officers of the Court are expected to treat other
parties and their counsel with courtesy and professionalism.  *See Bearden v. Ballad Health*, 967

---

[31] DN 31-4 at 138-140.
[32] *Id.* at 171.

F.3d 513, 519 (6th Cir. 2020). "Careful research and cogent reasoning, not aspersions, are the proper tools of our trade. *Id.* (*quoting U.S.I. Props. Corp. v. M.D. Const. Co.*, 860 F.2d 1, 6 n.2 (1st Cir. 1988))." This is not "to criticize passionate and forceful advocacy in aid of a client's cause." *Id.* "But just as one cannot 'equate contempt with courage or insults with independence,' [this Court] cannot dismiss the disparaging statements in this case as mere stylistic flourishes or vigorous advocacy." *Id.* (*quoting Sacher v. United States*, 343 U.S. 1, 14 (1952)).

In addition to these argumentative and suggestive objections, Plaintiff's counsel also routinely instructed her client not to answer deposition questions to which she objected. As set out above, Plaintiff's counsel objected to and instructed her client not to answer questions regarding: his cell phone number;[33] the brand and model of cell phone he owns or has owned;[34] when he began using his current phone;[35] his cell phone service provider;[36] his Samsung smart watch service provider;[37] whether the cell phone Plaintiff currently owns is also the one he owned from 2018 through present;[38] whether he reviewed his smart watch or cell phones for responsive information or documents to Stanley Engineering's requests;[39] the brand of Plaintiff's laptops;[40] and his email addresses.[41]

If Plaintiff's counsel truly believed that the deposition questions to which she objected were being asked in bad faith to harass her client, or to harm him financially, she could have sought relief via Fed. R. Civ. P. 30(d)(3), which permits motions to terminate or limit depositions in such

---

[33] DN 31-4 at 139-140.
[34] *Id.* at 141-148.
[35] *Id.* at 31-4 at 148.
[36] *Id.* at 148-149, 195. In the latter instance, it was Plaintiff himself that refused to answer; however, this was after Plaintiff's counsel had initially instructed Plaintiff not to answer a prior question about his service providers.
[37] *Id.* at 152.
[38] *Id.* at 153-154.
[39] *Id.* at 160-167.
[40] *Id.* at 168-169.
[41] *Id.* at 170-180.

instances.  Plaintiff's counsel, however, took no such action.  Instead, she repeatedly objected and instructed her client not to answer questions that fell within the scope of discovery.  All of those objections have now been found to be without merit and have been overruled.

The Court, having reviewed all portions of Plaintiff's deposition transcript provided by the Parties, and having reviewed all arguments of counsel, finds this to be an exceptional circumstance that warrants sanctions.  In violation of the Federal Rules of Civil Procedure, the objections asserted throughout Plaintiff's deposition were argumentative and suggestive and the instructions not to answer were improper, all of which impeded Stanley Engineering's fair examination of Plaintiff and resulted in unnecessary motion practice.  The Court shall, therefore, impose sanctions against Plaintiff's counsel, Nancy Oliver Roberts.

Ms. Roberts shall be required to reimburse Stanley Engineering for its costs, expenses, and attorneys' fees associated with the deposition-related portions of its Motion to Compel and for Stanley Engineering's costs, expenses, and attorneys' fees associated with Plaintiff's continued deposition, including any preparation time.

## CONCLUSION

For the foregoing reasons, both Stanley Engineering's Motion to Strike Plaintiff's Errata Sheet, [DN 32], and its Motion to Compel, [DN 31], are **GRANTED**.

## ORDER

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Stanley Engineering's Motion to Strike Plaintiff's Errata Sheet, [DN 32], is **GRANTED** and Plaintiff's errata sheet purporting to alter Plaintiff's deposition transcript shall be stricken.

2. Stanley Engineering's Motion to Compel, [DN 31], is **GRANTED**.

a.  Within fourteen days of the entry of this Opinion & Order, Plaintiff shall respond to Stanley Engineering's Interrogatory No. 22 and its Request for Production No. 21.

b.  Stanley Engineering shall be permitted to continue the deposition of Plaintiff Vulenzo Blount.  The continued deposition shall be unlimited in topic, but shall not exceed four hours in length.  Plaintiff shall make himself available for the continued deposition within sixty days from the entry of this order, unless otherwise agreed by counsel.

c.  The Court, pursuant to Fed. R. Civ. P. 30(d)(2), hereby sanctions Plaintiff's counsel, Nancy Oliver Roberts, and requires her to reimburse Defendant Stanley Engineering's costs, expenses, and attorneys' fees associated with the deposition-related portion of Stanley Engineering's Motion to Compel, [DN 31], and Stanley Engineering's costs, expenses, and attorneys' fees associated with Plaintiff's continued deposition, including any preparation time.   Payment shall be made within thirty days of receipt of Stanley Engineering's itemization of those costs, expenses, and attorneys' fees.

**IT IS SO ORDERED.**

August 26, 2020

**Lanny King, Magistrate Judge**
**United States District Court**

c:       Counsel of Record