UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

VULENZO L. BLOUNT, JR.                                                                  PLAINTIFF

v.                                                                              NO. 5:19-CV-109-BJB

STANLEY ENGINEERING FASTENING                                                   DEFENDANT

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

After being fired, Vulenzo L. Blount, Jr. sued his former employer, Stanley Engineering Fastening, for discrimination under the Kentucky Civil Rights Act. As discovery proceeded, several disputes arose between the parties. This motion concerns two of them. First, Blount's lawyer tried to use an errata sheet to make extensive and radical changes to Blount's deposition testimony. Second, plaintiff's counsel repeatedly objected and instructed Blount to refuse to respond to discovery requests and deposition questions related to his phone and email—on the grounds of irrelevance, confidentiality, privacy, and more. Stanley Engineering moved to strike the errata sheet for making substantive changes rather than typographical or transcription corrections (DN 32), to compel responses to questions about Blount's phone (DN 31), and for sanctions against Blount's lawyer for improperly objecting and instructing Blount to not answer questions (DN 31).

The Court referred both motions to Magistrate Judge King under 28 U.S.C. § 636(b)(1)(A) to resolve these non-dispositive motions. DN 11. Judge King granted both of Stanley Engineering's motions and imposed sanctions on Blount's counsel. Discovery Opinion (DN 41) at 20–21. Blount moved to set aside the order. Motion to Set Aside (DN 49). Because Judge King did not clearly err, the Court denies Blount's motion.

Federal Rule of Civil Procedure 72(a) requires a district court to "modify or set aside" a magistrate judge's order on a non-dispositive motion only if it "is clearly erroneous or is contrary to law." *See Fenwick v. Hartford Life & Accident Ins.*, No. 3:13-cv-1090, 2018 WL 9755154, at \*1 (W.D. Ky. Nov. 21, 2018). Trial judges have broad discretion over discovery and, by extension, sanctions for conduct during discovery. *Waters v. City of Morristown*, 242 F.3d 353, 363 (6th Cir. 2001); *Deville v. Givaudan Fragrances Corp.*, 419 F. App'x 201, 209 (3d Cir. 2011) (broad discretion under Rule 30(d)(2) to impose sanctions). Concluding that a judge clearly erred in overseeing discovery requires a "clear showing" that the ruling "would result in actual

1

and substantial prejudice to the complaining litigant." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) (quotation omitted).

Blount's objections to Judge King's order are, to put it mildly, not crystal clear. At multiple points Blount's briefs appear to make new discovery requests or argue the merits of the case. *See* Motion to Set Aside at 2–8; Response (DN 105) at 2–4. To the extent Blount asks for additional discovery, such requests are improper in a motion to set aside and should be raised with opposing counsel, before the magistrate judge, or in a separate motion. *See* FED. R. CIV. P. 26(c) (good-faith meet-and-confer certification required in motion for a protective order); *Rodriguez v. Pataki*, 293 F. Supp. 2d 313, 315 (S.D.N.Y. 2003) (once referred, magistrate judge should deal with discovery issues in the first instance). Moreover, any arguments about the merits of the underlying claims are incidental to the correctness of the discovery and sanctions orders at issue.

Blount's motion also raises a couple of excuses for counsel's failures to comply with discovery, including concerns that the coronavirus interfered with her practice in January 2020, which is of course before the pandemic had begun in earnest here. Motion to Set Aside at 9. Even so, "Stanley Engineering initially served these discovery requests on October 23, 2019," as Judge King explained, affording Blount "more than enough time to provide the information requested, had he intended to do so." Discovery Opinion at 12 n.18. Judge King was well within his discretion to reject the sort of excuses reiterated in this motion.

The objection most cleanly presented in this motion concerns discovery regarding Blount's phone number, phone records, and emails. The motion contends these could involve confidential information about his new real-estate clients and result in him losing yet another job. Motion to Set Aside at 9–14. Blount's motion argues that counsel raised these objections and instructed her client to refuse to answer questions about his phone because of these fears. *Id.* at 12. For these reasons, the motion contends this Court should enter a protective order and lift the sanctions. *Id.* at 11, 13–14.

Perhaps a protective order is appropriate here. Or maybe it isn't. The Court could only speculate, because that issue is not before it. As Judge King's order noted, this issue was "not properly before the Court at th[at] time," either, because Blount "ha[d] not formally requested leave to file a protective order and ha[d] not moved for a protective order." Discovery Opinion at 14 n.29. Blount did seek one after filing the Motion to Set Aside, Motion for Protective Order (DN 48), but Judge King denied it because Blount "failed to articulate any specific facts that would show a clearly defined and serious injury would result from the disclosure of the documents and information sought." Order (DN 60) at 5. The Order held that Blount failed to show good cause for a protective order, in part because it did not make clear "what exact documents he is seeking to protect." *Id.* at 6. Apparently, Blount has not filed a new motion with a more particular request.

2

As to the proceedings that *have* occurred and *are* raised here, however, Judge King did not clearly err in finding this information discoverable and counsel's behavior unprofessional and sanctionable. Stanley Engineering reasonably inquired into discoverable information related to its main defense: that it fired Blount because he inappropriately used his smartwatch or cell phone while operating a forklift. Discovery Opinion at 9–10. Discovery related to his phone records is plainly a "nonprivileged matter that is relevant to [a] party's claim or defense and proportional to the needs of the case…." FED. R. CIV. P. 26(b)(1). The assertion that Stanley Engineering is just attempting to get Blount fired again is baseless, unprofessional, and inconsistent with basic principles of civil discovery. Asking questions about a cell phone, as should be apparent, doesn't necessarily mean obtaining all information in that cell phone for all uses in and out of litigation. Stanley Engineering didn't ask for confidential information about specific real-estate clients; it asked general questions about Blount's means of communication. Nothing suggested the sort of information underlying Blount's objection would be discovered or used during this litigation. Judge King's decision rejecting this argument was plainly correct. Discovery Opinion at 14.

The record makes this clear beyond debate. When Stanley Engineering's counsel asked "what's [your] telephone number," for example, here's how Blount's lawyer responded:

> Ms. Roberts: Objection. That cell phone he presently has, he has mitigated his own damages by seeking other employment, which he has two other employments now. And that cell phone contains privileged information, client information, with regard to his present business and his employers now. And that's not something discoverable here, it's not relevant here, and we object to any reference cell phone number, any information divulged from that cell phone could cause—that would further damage him in this case.
>
> He filed the case against the defendant, the cell phone contains information about his present employers, clients' names, addresses, telephone numbers probably of all of that. And that will damage him so much that by exposing that cell phone information would be as a result of the defendant making him probably lose his present employment or at least divulging confidential information from that employment. And we resist any information about that, including the cell phone number.
>
> Mr. Griffith: Are you objecting and instructing him not to answer the question of what his cell phone number is?
>
> Ms. Roberts: The cell phone number, the information on the cell phone, anything like that.

Mr. Griffith: Okay. But I'm–

Ms. Roberts: I would take that issue to the judge, if necessary, because if you all are requesting that information, you're not only breaching his privacy but the privacy of all of his employment information and records to date. And that will further—and you all will be intentionally damaging him, his ability to mitigate his own damages. Now you've asked that in interrogatory questions and that will—that will, could result in his termination of employment there as well. DN 31-4 at 138:19–140:9.

Elsewhere, Blount's lawyer suggested defense counsel might hack Blount's email if he disclosed his email address. Discovery Opinion at 18. This, too, is utterly unsupported and, as Judge King noted, "went beyond being merely suggestive and argumentative and rose to the level of accusation and personal attacks." *Id.*

Blount's lawyer, if she truly harbored such strong concerns about confidentiality and privacy, could've asked for defense counsel's agreement or even a protective order. Instead, she obstructed the deposition through continuous improper and argumentative objections and by instructing her client not to answer basic questions. *Id.* at 17–20.

Rule 30(c)(2) requires lawyers to avoid argumentative or suggestive objections. The rule instructs them to note their objections and proceed with the deposition. If lawyers or parties violate these rules, Rule 30(d)(2) allows a judge to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." These repeated violations of Rule 30(c)(2) provided Judge King with an ample basis to impose sanctions. *See Babcock Power, Inc. v. Kapsalis*, No. 3:13-cv-717, 2017 WL 4322436, at *3 (W.D. Ky. Sept. 28, 2017) (within magistrate judge's discretion to order sanctions under Rule 16(f) for skirting scheduling order); *Baker v. St. Paul Travelers Ins. Co.*, 670 F.3d 119, 123 (1st Cir. 2012) (noting that "trial judges have considerable discretion in the selection and imposition of sanctions").

* * *

Although it does not appear that Blount has objected to the errata ruling, its contribution to Judge King's ruling is also well worth noting. The "corrections" Blount offered go to the heart of this lawsuit, flipped several answers entirely on their head, and tried to insert extensive testimony that Blount never offered. Here are two verbatim "corrections" offered by Blount to page 164 of the deposition transcript:

- Change ["Not that I can recall"] to "Yes" Because race was a substantial factor.

- delete "I'm not saying it was race or whatever" Because race was a substantial factor in Bonnie's lie.

Errata Sheet (DN 32-2) at 5. And here is one "addition" from page 162:

- "Timothy Nosbusch was referred to mow my real estate client's yard by me. I sold the person two (2) homes. He was in a wheelchair. The man passed away and another employee told me he passed away two months after the fact. When I asked Tim about it, he told me to stay away because his house was under surveillance. Several items were missing from his home such as cell phones, flat screen TV's, etc. I went through there one day after work and I saw Tim retrieving mail from the deceased mail box. Tim became friends with the man's family from California and he made as if he was his best friend. However, he met the deceased man through me. He didn't tell them I was the man's realtor, because he would have been exposed. The man's family gave Tim a Corvette car and a new cell phones. When Tim knew I found out, he was horrified and started to try get me in trouble. A private meeting was held in shipping department office for a discussion with Gerald Hodge, the union steward in the meeting. This became a racial issue against me." *Id*.

*Res ipsa loquitur*. Blount was wise not to contest the portion of the discovery ruling rejecting these so-called errata and granting the motion to strike.

\* \* \*

As sanctions, Judge King's order requires Blount's lawyer to "reimburse Defendant Stanley Engineering's costs, expenses, and attorneys' fees associated with the deposition-related portion of Stanley Engineering's Motion to Compel" as well as those associated with the continuation of Blount's deposition, "including any preparation time." Discovery Opinion at 21. Despite the motion's concern about defense counsel's thoroughness and hourly rates, the Court is confident that Stanley Engineering's "itemization of those costs, expenses, and attorneys' fees"—which it should submit to Judge King simultaneously with its submission to Blount—will reflect no more than a reasonable investment of attorney time caused by the sanctionable conduct.

No error, much less a clear one, is evident in Judge King's discretionary management of discovery in this long-running and contentious dispute. Blount's counsel fell short of the professionalism that our legal system requires and this Court expects from the officers of the court admitted to appear before it. And the Motion to Set Aside is, unfortunately, more of the same: a bramble bush of largely irrelevant complaints for counsel and the Court to navigate. So the Court denies Blount's

Motion to Set Aside (DN 49) and orders Blount and his lawyer to comply with Judge King's opinion and order (DN 41).

6