## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**VULENZO L. BLOUNT, JR.**                                                           **PLAINTIFF**

**v.**                    **No. 5:19-cv-109-BJB**

**STANLEY ENGINEERING FASTENING**                 **DEFENDANT**

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

After being fired, Vulenzo L. Blount, Jr. sued his former employer, Stanley Engineering Fastening, for discrimination under the Kentucky Civil Rights Act. After numerus discovery disputes and sanctions battles, this Court granted summary judgment in Stanley's favor. DN 141. So Stanley filed a Bill of Costs for (1) $400 in clerk fees, (2) $5,339.10 in deposition fees, and (3) $684.66 for copying and exemplifications fees. Bill of Costs (DN 143) at 1.

This case has followed a tortured path, through and around many frivolous and incomprehensible arguments, which unfortunately continue here. Blount objects to the entirety of the Bill of Costs, arguing that despite his strong case Stanley forum shopped its way into federal court. Objections (DN 146) at 1. Blount also argues, without evidence, that some of the costs are excessive, incorrect, paid, or misrepresented. *Id.* at 1–2. These arguments, like many that preceded them, are wholly meritless. So the Court overrules Blount's objections (DN 146) and grants Stanley's Bill of Costs (DN 143).

\* \* \*

Federal Rule of Civil Procedure 54(d)(1) authorizes a prevailing party to recover costs, other than attorney fees. The Sixth Circuit has interpreted this language to "creat[e] a presumption in favor of awarding costs," while still "allow[ing] denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Taxable costs are limited to those specified by 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 359 (6th Cir. 2007). And the objecting party "bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-cv-81, 2010 WL 3069106, at \*1 (W.D. Ky. Aug. 4, 2010) (quotation omitted).

**1. The underlying merits are irrelevant.** Yet Blount devotes most of his pages to rearguing the merits of this case and griping about how discovery proceeded. Objections at 3–7; *see Blount v. Stanley Eng'g Fastening*, No. 5:19-cv-109, 2022 WL

1

949923, at *3–5 (W.D. Ky. Mar. 29, 2022) (exploring these arguments). The Court issued a final judgment (DN 142) on the merits and Blount appealed (DN 144), so the Court no longer has jurisdiction over these issues. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "[A]n objection to the Bill of Costs," sensibly enough, "is not the appropriate vehicle for relitigating prior rulings that are now the subject of Plaintiff's appeal." *Williams v. Waste Mgmt.*, No. 3:16-cv-2943, 2019 WL 3239249, at *1 (N.D. Tex. July 18, 2019); *Cohen-Chaney v. Nat'l R.R. Passenger Corp.*, No. 1:10-cv-400, 2012 WL 3579881, at *2 (S.D. Ind. Aug. 17, 2012) (Bill of Costs is a "summary" non-merits issue). Blount's argument to the contrary is frivolous.

    **2. Federal law applies and removal fees are taxable.** Blount argues that Kentucky law should control the fees and he should not have to pay the removal fee because Stanley was "forum shopping." Objections at 1–2. Nonsense. Under *Erie*, federal procedural rules apply in federal diversity cases. *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 108 (1945). Virtually all of the Federal Rules of Civil Procedure are deemed "procedural" and employed on that basis in diversity cases such as this. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010) ("[W]e have rejected every statutory challenge to a Federal Rule [as non-procedural and therefore unauthorized in diversity cases] that has come before us."). And several courts have held that Rule 54(d) is procedural and applies in federal court despite contrary state law. *See Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938, 945–46 (10th Cir. 2020); *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). So under the federal rule applicable here, 28 U.S.C. § 1920(1) expressly allows the prevailing party to recover "fees of the clerk," which include removal fees. *See Street v. U.S. Corrugated, Inc.*, No. 1:08-cv-153, 2011 WL 2971036, at *2 (W.D. Ky. July 20, 2011). Stanley's legal basis or subjective motivation for removing this case is irrelevant. Federal law allowed it to remove this case at this litigation's beginning. And at its end federal law entitles Stanley to recover the associated fee.

    **3. Stanley's deposition costs are recoverable.** "[T]he costs of taking and transcribing depositions," including a court reporter's fees, are taxable. *Sutter v. Gen. Motors Corp.*, 100 F. App'x 472, 475 (6th Cir. 2004) (citing 28 U.S.C. § 1920(2) ("Fees of the court reporter")); *Cassell v. Brennan*, No. 3:14-cv-449, 2016 WL 7116190, at *1 (W.D. Ky. Dec. 6, 2016). So are fees for transcript copies. *Street*, 2011 WL 2971036 at *2. Stanley provided receipts for several recorded depositions, transcripts, and copies. Bill of Costs; Itemized Statement and Receipts (DN 143-1) at 2–3, 8–12. So Stanley may recover these costs.

    Blount raises several counter arguments. None work.

    *First*, Blount argues that he already paid for Desma Blount's deposition in compliance with the Court's sanctions order. Objections at 7. But that order covered Vulenzo Blount's second deposition, not Desma Blount's deposition. Sanction's Order (DN 41) at 20; Itemized Costs for Sanctions (DN 83-1); Invoice for Blount's Continued

Deposition (DN 83-3). And Stanley is not seeking duplicative reimbursement for Blount's second deposition. Itemized Statement and Receipts at 2.

*Second*, Blount confusingly argues that his own costs should partially offset Stanley's. He cites no basis in law for this position, and none comes to mind: only the "prevailing party" may seek costs. FED. R. CIV. P. 54(d)(1). And that party may seek such costs for specific items at the discretion of the court without any other qualification, such as offsetting costs or the costs incurred by the opposing party. 28 U.S.C. § 1920.

*Third*, Blount appears to argue that some of the costs are incorrect, unproven, or misleading. Objections at 1–2. Blount offers no factual support for these points and his legal arguments make little sense. For example, Blount argues there is no bill for a copy of Blount's second deposition. *Id.* As just noted, Stanley does not seek costs for that deposition. Blount also seems to complain that a bill for a single deposition was higher than initially represented and much higher than bills covering several depositions. *Id.* at 2. But without evidence or law showing this might be wrong, the Court lacks any basis to deny Stanley costs. So Blount's quixotic objections fail.

**4. Stanley's copying and exemplification costs are also recoverable.** Such costs are explicitly taxable. 28 U.S.C. 1920(4). This category seems to cover Stanley's printing of 1,800 pages of personnel files in response to Blount's discovery demands. Stanley's Response (DN 149) at 4–5; *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*, No. 1:10-cv-122, 2013 WL 5934141, at *4–5 (W.D. Ky. Nov. 5, 2013). The category also seems to include Stanley's request for Blount's phone records and FOIA request regarding Blount's NLRB action. Stanley's Response at 4. Blount takes issue with both.

To begin, Blount argues that Stanley should have already had the NLRB records because it was a party to the case. Objections at 2. Stanley counters, without refutation, that it actually wasn't a party in that proceeding. Stanley's Response at 4 (explaining that the union rather than Stanley was the opposing party). And if it didn't have the records already, the FOIA request was necessary, rendering the fees recoverable.

Blount's arguments over his phone records are more confusing but no more compelling. He seems to contend that he sought the records but could not obtain them. Objections at 2. Why would this preclude Stanley from recovering the costs of seeking those records itself? Blount also argues that Stanley should've organized the records itself rather than paying someone else to do it. *Id.* Perhaps Blount is referring to the $70 in costs Stanley seeks for AT&T's basic processing and record charges. *See* Itemized Statement and Receipts at 3, 14. Or perhaps not. Either way, Blount hasn't offered any basis for rejecting Stanley's otherwise recoverable costs. So the Court rejects his objections.

\* \* \*

At its base, Blount's argument is that the Court should exercise its discretion in denying Stanley's costs. Objections at 3. In his view it is inequitable to force Blount to pay when Stanley chose federal court and Blount brought a strong case of discrimination that was thwarted by Stanley's discovery gamesmanship. In making these arguments, Blount repeats the (by now tiresome) themes that have characterized this case. Blount's underlying arguments and evidence were never strong. Neither were his discovery complaints. That is one reason why Stanley prevailed and can seek costs in the first place. Another reason is that Blount fails to rebut the default presumption that costs are awarded to the prevailing party. *White & White*, 786 F.2d at 730; *Roll*, 2010 WL 3069106 at \*1. Moreover, the headaches caused by Blount's objections and throughout this litigation more than justify the Court exercising its discretion to order recovery of Stanley's costs.

So the Court overrules Blount's objections (DN 146) and grants Stanley's Bill of Costs (DN 143) for (1) $400 in Clerk fees, (2) $5,339.10 in deposition fees, and (3) $684.66 for copying and exemplification fees. The Clerk shall tax $6,423.76 as costs against Blount.

Benjamin Beaton, District Judge
United States District Court

June 25, 2022

4